## Case No. 13,773.

### Ex parte TAYLOR.

[1 Hughes, 617; 16 N. B. R. 40; 24 Pittsb. Leg. J. 205.] [2]

Circuit Court, E. D. Virginia. June, 1877.

BANKRUPTCY — PROCEEDINGS FOR DISCOVERY OF ESTATE — BEFORE WHOM TO BE TAKEN — FIDUCIARY DEBTS—HABEAS CORPUS.

1. Where a decree operating as a lien upon defendant's estate has been obtained in a state court, and the defendant afterwards goes into bankruptcy, proceedings under state statute will not lie before a state officer against defendant for discovery of his estate, similar to those given by section 5086 of the Revised Statutes of the United States; they must be taken in the bankruptcy court.

2. Where such proceedings are taken before a state officer, and the bankrupt is imprisoned by him, he will be released on habeas corpus by a United States court, where the decree of the state court is not for a fiduciary debt of the bankrupt.

3. Section 5117 does not embrace the surety in a guardian's bond among those not released by a discharge in bankruptcy.

In June, 1876, a decree was rendered by the circuit court of Accomac county, Virginia, in favor of William H. Walters and Mary E. E. Walters, infants, for $4,500, against their guardian and his sureties, one of whom was Samuel T. Taylor, in a suit in chancery for a settlement of the guardian's account. Execution was issued upon this decree which proved unavailing, but established a lien upon the estate of Taylor. In the course of time, steps were taken under section 5, c. 184, p. 1180, of the Code of Virginia, to elicit from Taylor by interrogatories, before Montcalm Oldham, a commissioner in chancery of said circuit court, a disclosure of his estate; the object of the proceeding being to make good the lien of the decree against the estate of Taylor when discovered. On the 25th April, 1877, Taylor filed his petition in bankruptcy and was adjudicated one, and received from the register a certificate of protection. On the 9th day of May, 1877, he was arrested under an attachment issued by said Oldham, commissioner, to com-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 24 Pittsb. Leg. J. 205, contains only a partial report.]

pel him to answer interrogatories filed in said circuit court of Accomac, as before de-, scribed, and held in prison by the county sheriff. On application to the judge of said court for release on habeas corpus, his petition was refused, for the reason as stated by counsel, that the state judge was of opinion that the jurisdiction for that purpose was in the bankruptcy court. On the 11th June, 1877, Taylor petitioned the judges of the United States circuit court for a writ of habeas corpus, which was awarded by the circuit judge, and on these proceedings the matter was heard by the district judge at Norfolk, the sheriff of Accomac county having brought the petitioner before the court, and made return according to the facts already stated.

HUGHES, District Judge. The first inquiry is, as to the jurisdiction of Commissioner Oldham to take the proceedings against Taylor, the petitioner, which are mentioned in the return made by the sheriff, the object of which is the enforcement of the lien of the decree of the complainant, obtained upon the estate of Taylor in the suit of Walters v. Byrd, a copy of the record of which is filed with the sheriff's return, the validity of which lien is not disputed. It is a proceeding by one creditor of the bankrupt in another court, analogous to that which is given the assignee in bankruptcy in the bankruptcy court, by sections 5086 and 5104 of the Revised Statutes of the United States. The proceeding of this commissioner raises the question, which court has jurisdiction to ascertain and liquidate liens upon the estate of the bankrupt, and to require the bankrupt to make discovery of his estate. The question would seem to be answered in the mere statement of it.

Section 711, Rev. St. U. S., gives the United States courts jurisdiction exclusive of the courts of the several states, amongst other things, over "all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; the collection of all the assets of the bankrupt; the ascertainment and liquidation of the liens thereon; the adjustment of the various priorities and conflicting interests of all parties," etc., etc. Ancillary to this jurisdiction, section 5086 empowers the district court, "on the application of the assignee in bankruptcy, or of any creditor, or without any application, at all times to require the bankrupt to submit to examination, under oath, upon all matters relating to the disposal or disposition of his property."

Therefore, the bankruptcy court not only has exclusive jurisdiction over the estate of the bankrupt, but of all "proceedings," such as that in question, looking to a liquidation, among others, of the lien of the decree of the complainants in the writ of Walters v. Byrd; and those creditors have even more ample power to probe the bankrupt's conscience and obtain a disclosure of his estate in the bankruptcy court, than they could have in the proceeding taken against him by Commissioner Oldham, even if that proceeding were legal. That such a proceeding before a state officer, when against a debtor after he files his petition and is adjudicated in bankruptcy, is illegal, seems to me to be as clear as any proposition of law can be. The proceeding before Commissioner Oldham being illegal and nugatory, the petitioner (the bankrupt), is not legally in the custody of the sheriff of Accomac.

II. The second inquiry is, as to the jurisdiction of this court to discharge the bankrupt from the illegal custody. Section 5091 provides that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." So that the only question on this latter head is, whether or not the obligation of a surety upon a guardian's bond is one from which a bankrupt is released by his discharge in bankruptcy. There can be no doubt on this subject. The obligation of the guardian is a fiduciary one, from which the guardian himself could not be discharged in bankruptcy; but that of the surety is not fiduciary within the terms and meaning of section 5117 of the bankruptcy law. The language of that section is, that no debt of a bankrupt "created while acting in a fiduciary character, shall be discharged under this act,"—language which refers only to the fiduciary himself, and not his sureties.

The prisoner must therefore be discharged; but I will at once require him to submit, before the register in bankruptcy, to such interrogatories as the creditors in the decree of the state court shall desire to propound.